IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO: 12-364-03 |
| **DEMETRIUS YOUNG** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### I.   PROCEDURAL BACKGROUND

A federal grand jury returned an indictment against the defendant on July 19, 2013, charging him with conspiracy to commit robbery which interferes with interstate commerce and robbery which interferes with interstate commerce, both in violation of 18 U.S.C. § 1951; and use of, and aiding and abetting the use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2.   The defendant pled guilty to the indictment on January 14, 2013, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

### II.   FACTUAL BACKGROUND

On May 1, 2012, at approximately 11:57 p.m., three males, later identified as defendant Demetrius Young, Kaneef Smith, and Anthony Jenkins approached the Hong Heng Restaurant, located at 4201 Ogden Street, Philadelphia, Pennsylvania.   Y.D., the owner of the store, was sweeping the sidewalk in front of the store when the three males forced him inside and struck him on the side of the head numerous times with a gun.   The three males demanded to know the whereabouts of the money in the store and in the house.   During the course of the robbery, they threatened to burn the hair of Y.D.'s wife and daughter if they were not told where the money was located.   While Jenkins stood guard over the family, pointing a handgun, Smith

and Young moved around the house. An unknown amount of money was taken from various places inside the property.

A. D., the eleven year old daughter of the owner, said that she saw a gray over black gun used during the robbery. This gun was pointed at her and passed between a black-hooded robber and a gray-hooded robber during the robbery. She identified defendant Jenkins as the male with the gray hood who watched them while the others moved around the house.

Pursuant to information received, Philadelphia police arrived on the scene of the robbery before the robbers had left the restaurant and residence. A barricaded situation ensued, during which the father of Anthony Jenkins talked to Jenkins on the telephone and encouraged him to surrender himself to the police. After a number of hours, the victim/hostages were released and Jenkins, Smith, and Young came out of the house and were arrested by the police.

Subsequently, Y.D. identified Young, Smith, and Jenkins as the three males who committed the robbery. On May 2, 2012, a search warrant was executed at 4201 Ogden Street, Philadelphia, PA. Recovered during the search was a 9mm black and silver Smith and Wesson semi-automatic pistol loaded with fifteen (15) live rounds, found in the second floor front bedroom. Also recovered during the search was approximately $2,635 which was scattered throughout the basement of the location.

Y. D. stated that some of the money taken during the robbery was business proceeds from the restaurant. Y.D. provided invoices for products sold in his store around the time of the robbery, including but not limited to Salem cigarettes and Newport cigarettes, items known to be manufactured outside the state of Pennsylvania and transported in interstate commerce.

**III.     MAXIMUM SENTENCE**

The maximum sentence for conspiracy to commit, and the commission of, robbery which interferes with interstate commerce is 20 years' imprisonment, a 3 year period of supervised release, a $250,000 fine, and a $100 special assessment.

The maximum sentence for use of a firearm during a crime of violence is lifetime imprisonment, including a mandatory term of seven years' imprisonment consecutive to the Hobbs Act robbery, a 5 year period of supervised release, a $250,000 fine, and a $100 special assessment.

The total maximum penalty is thus lifetime imprisonment, including a mandatory term of seven years' imprisonment consecutive to the Hobbs Act robbery, a 5 year period of supervised release, a $750,000 fine, and a $300 special assessment.

**IV.     SENTENCING GUIDELINES**

The defendant's offense level, after adjustments, is 23, and his criminal history category is V.   His sentencing guidelines range is thus 84-105 months' imprisonment, to be followed by a consecutive mandatory 84 months' imprisonment because of the use of a firearm during a crime of violence.   In this case, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that the following sentence was the appropriate disposition of this case: 85 months imprisonment, a fine in an amount to be determined by the court, 5 years of supervised release, a $300 special assessment, and full restitution.

**V.     GOVERNMENT'S RECOMMENDATION**

The government submits that the above recommended 85 months of imprisonment should run consecutively to the 6 to 12 year state sentence imposed on the defendant in Philadelphia Common Pleas Court on July 22, 2013.   That sentence was the result

of the defendant's guilty plea for carrying a firearm without a license in Philadelphia.  The gun case is totally unrelated to the instant robbery case, but is relevant to the instant sentence in that the defendant was out on bail for the gun case when he committed the instant offense.  He was arrested for the gun offense on February 25, 2012 and committed the instant robbery on May 1, 2012.  The government would oppose any argument that these two sentences should run concurrently.

1.      **The nature and circumstances of this case are serious.**

Few occurrences can be more terrifying than a home invasion.  Forevermore, instead of feeling secure in your own home, you will relive the moments when you were pistol-whipped, your wife and daughter were threatened, your personal belongings were trashed, and your life felt like it was held in the balance.  Furthermore, the government believes that this family was targeted due to the fact that their residence was upstairs from their restaurant, and it was anticipated that they would be holding a significant amount of cash.  The defendant's actions in this case were despicable and his punishment for this offense is justly deserved.

2.      **The history and characteristics of the defendant.**

The defendant is a 21 year-old male with a relatively lengthy juvenile adjudication record for sale of drugs (March, 2006; April 2006), sale or possession with intent to deliver drugs (2008), and possession of drugs (2007).  As an adult he has the aforementioned 2012 conviction for gun offenses.  By his own account, he smoked marijuana from approximately age 10 until 17, and used Percocets from the age of 18 until his arrest.  While a high school graduate, he has never maintained employment, but supported himself by selling drugs.

**3.     The need to promote respect for the law, provide just punishment, and deter others.**

This crime quite simply calls for a sentence that will make it plain to others that invading someone's home, threatening the inhabitants, and robbing them at gunpoint will not be tolerated by society.   Running the negotiated sentence in this case concurrently to the state imposed sentence of 6 to 12 year sentence would not provide a just punishment for these serious offenses.

**4.     The need to deter the defendant from committing similar criminal conduct in the future.**

This Court's sentence must make it clear to this defendant that acts such as these cannot be repeated.   He must realize that as he escalates his criminal activity, the consequences will also escalate.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


s/ Anthony J. Wzorek
ANTHONY J. WZOREK
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the government's sentencing memorandum has been sent by e-mail to:

>Mark E. Cedrone, Esq.
>Aubrey Cedrone Emrich, Esq.
>123 South Broad Street, Suite 810
>Philadelphia, PA 19109

>>s/ Anthony J. Wzorek
>>ANTHONY J.  WZOREK
>>Assistant United States Attorney

Date:   10/10/13